# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

FILED

JUN 2 7 2008

William B. Guthrie
Clerk, U.S. District Court

By_____ Deputy Clerk

DEBORAH LYNN WALDIE, )
)
Plaintiff, )
)
v. ) No. CIV 07-282-RAW-SPS
)
TOM WINKLER, et al., )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on Defendant Oklahoma Department of Corrections' motion to dismiss. Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Kate Barnard Community Corrections Center in Oklahoma City, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking monetary damages and injunctive relief for alleged unconstitutional denial of medical and dental care while incarcerated at the Johnston County Jail [Docket #6]. The defendants are Johnston County Sheriff Tom Winkler, Johnston County Jail Supervisor Tom Hankins, Jail Medical Supervisor Ruth Followell, the Oklahoma Department of Corrections, and the Johnston County Jail. The Oklahoma Department of Corrections has filed a motion to dismiss, alleging it is immune from plaintiff's suit under the Eleventh Amendment [Docket #25].

> It is well-established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241, 243 (1985); *Florida Dep't of Health and Rehabilitative Servs. v. Florida Nursing Home Ass'n*, 450 U.S. 147, 150, 101

(1981) (per curiam). Eleventh Amendment immunity applies "whether the relief sought is legal or equitable." *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Absent a waiver by the state, or a valid congressional override, the amendment bars a damages action against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

*Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overruled on other grounds by Ellis v. University of Kan. Med. Ctr.*, 163 F.3d 1186, 1194-97 (10th Cir. 1998). *See also Eastwood v. Dep't of Corrections*, 846 F.2d 627, 631-32 (10th Cir. 1988) ("DOC is an arm of the state and should be entitled to absolute immunity.").

Plaintiff alleges in her response to the motion to dismiss that she still holds the Department of Corrections partially responsible for the denial of medical and dental treatment, because the DOC was responsible for her. After careful review, however, the court finds the Department of Corrections is immune from plaintiff's suit under the Eleventh Amendment.

**ACCORDINGLY,** the Department of Corrections' motion to dismiss [Docket #25] is GRANTED.

**IT IS SO ORDERED** this 27 day of June 2008.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

2