IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED

JUN 8 2009

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

**DEBORAH LYNN WALDIE,** )
)
Plaintiff, )
)
v. ) No. CIV 07-282-RAW-SPS
)
**TOM WINKLER, et al.,** )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on Defendants Sheriff Tom Winkler, Tom Hankins, and Ruth Followell's motion to dismiss with prejudice [Docket #62]. The defendants allege this action should be dismissed for plaintiff's failure to respond to the defendants' discovery requests or to attend her own deposition.[1]

The record indicates the court entered its scheduling order for this case on June 27, 2008 [Docket #49]. On July 3, 2008, the defendants prepared and served via U.S. Certified Mail, return receipt requested, discovery requests to plaintiff at the address she had provided to the court [Docket #62-2]. On July 7, 2008, Sheila J. Moraly signed for the envelope, but on August 7, 2008, the envelope was returned to defense counsel [Docket #62-2 at 20-21]. On August 8, 2008, the defendants filed a motion for order allowing deposition of plaintiff [Docket #51], which was granted on August 11, 2008 [Docket #52].

Defense counsel's paralegal Greg Johnson states by affidavit [Docket #62-3] that

---

[1] Defendant Oklahoma Department of Corrections previously was dismissed [Docket #48], and plaintiff did not serve Defendant Johnston County Jail.

when he reviewed the court's docket on or about August 11, 2008, he determined plaintiff had not submitted a change of address since her December 4, 2007, notice that she was incarcerated at Eddie Warrior Correctional Center in Taft, Oklahoma [Docket #33]. On August 13, 2008, in an effort to communicate with plaintiff, Mr. Johnson contacted the Department of Corrections, which referred him to the Southeast District Office and to plaintiff's parole officer Shelley Duncan. Ms. Duncan informed Mr. Johnson that plaintiff had been released on a GPS ankle bracelet release program. According to Ms. Duncan, plaintiff was residing with her mother Sandra Bennett at 250 East Butcherpen Road in Kenefic, Oklahoma.

Mr. Johnson called the phone number for plaintiff's mother, which was provided by the parole officer. Sandra Bennett answered the phone, confirmed that plaintiff lived with her, and stated that plaintiff was at work. Mr. Johnson explained he was calling to determine available dates for plaintiff's deposition, and Ms. Bennett provided Mr. Johnson with plaintiff's cell phone number. On that same date, Mr. Johnson contacted plaintiff at the cell phone number and asked her for possible deposition dates. Plaintiff refused to provide any dates of availability, insisting she was attempting to find an attorney to represent her in this matter.

Also on August 13, 2008, using the information provided by plaintiff's parole officer, Mr. Johnson sent to plaintiff by certified mail a notice to take her deposition on August 27, 2008, a subpoena duces tecum, and additional copies of the defendants' discovery requests that previously had been mailed and returned. On August 22, 2008, Mr. Johnson checked the status of the mailing and learned that the United States Postal Service was unable to deliver the package directly to plaintiff, but a notice had been left for her to claim her mail.

As of August 22, 2008, the package was unclaimed. Plaintiff also was mailed copies of the notice of deposition, subpoena, and discovery requests by first class mail to the same address, and that envelope has not been returned.

On August 20, 2008, defense counsel sent plaintiff a letter by first class mail, enclosing additional copies of the notice of deposition and subpoena. The letter explained that her failure to attend the deposition would result in a request for sanctions, and plaintiff was invited to contact counsel to make alternative arrangements for deposition, if necessary. Plaintiff did not contact defense counsel or otherwise respond to the correspondence.

On August 27, 2008, the date of plaintiff's scheduled deposition, defense counsel and a court reporter traveled to McAlester, Oklahoma, from Oklahoma City to take plaintiff's deposition. After waiting approximately 30 minutes, counsel instructed Mr. Johnson to contact plaintiff, inform her she was late for her deposition, and inquire whether she intended to attend the deposition. Plaintiff told Mr. Johnson that she had not been advised of the scheduled deposition, and she did not plan to attend. Plaintiff confirmed her address as "250 Butcherpen Road," and again stated she was trying to hire an attorney. She did not identify any specific lawyer she had consulted or planned to meet regarding her case.

Rule 37(d) of the Federal Rules of Civil Procedure provides, in pertinent part:

(1)(A) The court where the action is pending may, on motion, order sanctions if:

(i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or

(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response. . . .

3

(3) Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d). The sanctions available under Rule 37(b)(2)(A)(v) include "dismissing the action or proceeding in whole or in part."

Under the court's scheduling order [Docket #49], discovery was to be completed by October 28, 2008.[2] The court finds the defendants have presented evidence they attempted to conduct discovery and to comply with the scheduling order, but plaintiff failed to cooperate by not accepting certified mail at the address she provided, not appearing for her scheduled deposition, and not contacting defense counsel to arrange her compliance with the discovery requests. Furthermore, plaintiff has failed to respond to the court's March 16, 2009, order directing her to show cause why the defendants' motion to dismiss should not be granted [Docket #70].

**ACCORDINGLY,** Defendants Sheriff Tom Winkler, Tom Hankins, and Ruth Followell's motion to dismiss with prejudice [Docket #62] is GRANTED.

**IT IS SO ORDERED** this 8th day of June 2009.

*Ronald A. White*
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] On October 1, 2008, the court granted the defendants' motion to strike the scheduling order until the court rules on this motion to dismiss [Docket #61].

4